**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR DOUGLAS,<br>　　Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-2905** |
| | : | |
| WELLPATH HOLDING, *et al.*, | : | |
| 　　Defendants. | : | |

## **ORDER**

**AND NOW**, this 3rd day of June 2026, upon consideration of the Motions to Dismiss filed by Defendants Wellpath Holdings, Anthony Letizio, Britney Huner, Monique Savage, and Laurel Harry, (ECF Nos. 12, 13, 28), Plaintiff Lamar Douglas's Responses thereto, (ECF Nos. 24, 32, 34-35), and the Replies thereon from Defendants Wellpath and Letizio, (ECF Nos. 25, 31), it is **ORDERED** that:

1.　　The Motions to Dismiss (DI 12, 13, 28) are **GRANTED** for the reasons stated in the Court's accompanying Memorandum.

2.　　The Complaint is **DISMISSED WITHOUT PREJUDICE** to Mr. Douglas filing an amended complaint as set forth in paragraph three (3) of this Order.

3.　　Mr. Douglas may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Douglas's claims against each defendant.  **The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.**  The amended complaint must also provide as much identifying information for the defendants as possible.  Mr. Douglas may refer to a defendant by last name only if that is the only identifying information possessed.  If Mr. Douglas wishes to name

individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.   When drafting his amended complaint, Mr. Douglas should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.

4.      The Clerk of Court is **DIRECTED** to send Mr. Douglas a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Mr. Douglas may use this form to file his amended complaint if he chooses to do so.

5.      If Mr. Douglas does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.      If Mr. Douglas fails to file any response to this Order, the Court will conclude that

he intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See*

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

**BY THE COURT:**

**JOHN F. MURPHY, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3